Morning, Your Honor. James Muller for the appellant Donald Wige. Your Honor, the essence of this case is whether the appellant should benefit from the false testimony of, the appellee should benefit from the false testimony of appellee LAPD officer Ryan Bellows, and his suppression of, his active suppression of the existence of a witness who could have revealed the fact that he was a witness to the murder of his wife. The fact that he was testifying falsely and could have supported the recantation of Mr. Carlos Torres, of the identification of Mr. Wige as the shooter. So is it your position, let's assume the sister didn't exist for a second. Yes. Do you agree then you would be barred by California law under, that this would be issue preclusive of the finding of probable cause? Well, under the Shvidlin case, we would not be barred. So you're arguing that the California Supreme Court wouldn't follow McCutcheon? Yes. Yes. Because Shvidlin is the better rule. There is not an opportunity for a full and fair hearing, a full finding of the facts at a preliminary hearing, because the magistrate in that case, in that setting, is very limited in his analysis of the evidence. Well, that's why I'm asking this, and I want to understand your argument. Assume the sister didn't exist for a second. I understand. I'm not sure I buy it, but I understand your suppression argument. Wasn't the preliminary hearing all about whether or not the officer was lying and Mr. Torres was telling the truth? It was. And in order to find probable cause, didn't the judicial officer necessarily have to find, via preponderance of the evidence, that the officer was telling the truth and Mr. Torres was not? He would have to. What we're saying is that in the preliminary hearing context, there's a very limited fact finding. Well, I understand that. But in this particular case, normally I understand that. But in this particular case, didn't the judicial officer, I take it he was a city magistrate, in the preliminary hearing make a finding of fact that the officer was more likely than not telling the truth? The implication of his ruling was that. And this — Could he have found probable cause otherwise? If he believed the officer was lying, he would have found an absence of probable cause. Right. No, I don't believe he could have. So why isn't that fact issue preclusive in subsequent proceedings in the absence of what are the special circumstances like suppression of evidence? Well, because of the limited nature of his fact finding in this context, even though we did have a longer or there was a more complete discussion of the issue, there's still a very limited fact finding that that magistrate does. And additionally, there was not an opportunity for true review of this finding. There was an ability to go to the trial court, to another trial court for review, and then there was the ability to take a writ. But the writ, of course, is not an appeal of right. So — But you could get de novo review by the trial court? You could get de novo review. So you had another level of review by a judicial officer? But not — Does the California rule require that you have two levels of review? I don't know. So then tell me what your argument is about the sister. Well, the sister, Monica Torres, was — let me start from the beginning. Carlos Torres, the victim of the shooting, came to the police station with his sister, Monica Torres. Mr. Torres came with his sister because he was in pain. He had just — the shooting was recent, and he was still in pain from that shooting. Mr. Torres — or Monica Torres was present during the entire identification process. That's not disputed. And she witnessed Officer Bellows repeatedly cajoling, suggesting to Mr. Torres what to do during the identification process. This was not a proper identification. And I think — I may be wrong, but I think we all understand the record on this. Tell me why you believe wrongful conduct was engaged in by the State, by the city, with respect to her. As close as I can tell from reading this record, all that happened is, in effect, she was told — she was identified as a possible witness at this hearing and not allowed to sit in the courtroom during somebody else's testimony. Is that all that the record shows? No. No, that's not all. What the record shows is that Ms. Torres attempted to tell the prosecutor that she was present during the identification process and that her brother, Carlos Torres, never identified Mr. Weege as the shooter. And — Wait, counsel. Just stop. Let me stop you there. Where in the record is the testimony about — is it Monica Torres? Is that her name? Mrs. Torres? Yes, Monica Torres. Why did she approach the — I don't remember seeing testimony about her approaching the prosecutor and trying to tell him. So just point me to where that is in the record. All right. I'm not sure I can find it immediately, but it definitely is in the record that she attempted to approach. Okay. Is it her deposition? Where can we find that? It will take me a second to find it, Your Honor. If you don't have the ER page set, that's fine. But just tell me where — where do we find it? Did she — did she make a declaration? I believe it would be in the trial testimony. This is her testimony at the ultimate trial? Yes. I believe that's where it would be. Okay. I'm sorry. So go on. So she approached the prosecutor and — She approached the prosecutor, attempted to — while he was talking to — interviewing Officer Bellows prior to the preliminary hearing, and she attempted to tell the prosecutor that she was present during the identification process and that her brother did not make an identification of Mr. Weege. And that what happened? The prosecutor ignored her, did not talk to her. He was talking to Officer Bellows. What we maintain is that at that point — and it's — there's a bit of an absurdity in that — in this, but that Officer Bellows should have revealed to the prosecutor exactly the nature of her involvement in the case. So is your — is your position that the government here, the state, committed misconduct merely by not disclosing the existence of Ms. Torres to your client's defense lawyer? Well, there are two things. There's one, that Officer Bellows did not disclose Monica Torres's involvement in the case to the prosecutor. And the second part would be that because he didn't disclose her involvement to the prosecutor, the prosecutor then was under no obligation to tell Mr. Weege's defense counsel that here's a witness that could be exculpatory for your client. I mean, I'm just — I take it then your argument doesn't turn on the fact that the officer asked that Ms. Torres be removed from the courtroom at the preliminary hearing. Well, it doesn't turn on it, but that's part of it. If Ms. Torres was present during the preliminary hearing, it's much more likely that she would have been. Well, but she was present. She simply wasn't in the courtroom. Right. If she was a potential witness, I take it — if they'd identified her, as a potential witness, probably the judge would have said you ought to wait outside until it's your turn to talk, right? Right. Well, what happened was — So is it your position that your client was unaware of her existence prior to the preliminary hearing? Yes. And what happened is — Had not interviewed Mr. Torres? Mr. Torres, I don't know if he had interviewed Mr. Torres. I thought the implication from the record was that you had — defense counsel had spoken to Mr. Torres before. And it reminds me, yes, defense counsel had spoken to Mr. Torres. Who surely could have told him of the existence of his sister. I mean, that wasn't — it wasn't hidden from defense counsel in any way, was it, that she was at the interview? That's not — that's not in the record. We don't know what defense counsel learned from Mr. Torres. He was there to hear she might be a witness, exclude her, right? So at that point, he must figure the prosecution knows something about her involvement in the case. She's the sister of the victim, right? Why isn't that noticed that maybe they should talk to her and find out what she's got to say? Well, the reality is that the record is that just as the preliminary hearing is about to start, the officer goes to the prosecutor and says, you better exclude this woman, Monica Torres, because she's a potential witness. Now, the Court is saying that the defense attorney, as the preliminary hearing begins, should figure out in that moment that Monica Torres could be an exculpatory witness. I don't think that that's — I don't think that's reasonable. You're saying — your argument is that the State had an obligation to disclose that fact before the preliminary hearing. Yes. Yes, to give defense a meaningful chance to interview this witness and put her on if necessary. I mean, the defense lawyer, if he had been thinking fast enough, maybe that's too much to expect, but could have said, wait a minute, we have no idea that this might be a witness. We'd like a short recess so we can talk to her and find out what she might say. Could have done that. Definitely. He could have. Might have been granted, might have been denied, but at least could have made a record. When it comes to Other Blue, here comes this person into court that looks like it's a family member there to support the witness and is disclosed, wait a minute, she actually might have some evidence bearing on this case as well. Let's exclude her. Sounds like a clear signal that she might have something to say. Well, but how does the defense attorney, Your Honor — I mean, the defense attorney has no way of knowing at that point what Monica Torres may be a witness to. Well, then that's why I was asking. I thought the record made clear that defense had already interviewed Mr. Torres, knew that on the stand he would say this is all a lie, this was made up. Surely they had the opportunity at that point to say, is there anybody else? You know, the existence of the sister wasn't hidden from the defense, and if they talked to Mr. Torres, surely they knew she was there. So I'm having difficulty — I understand your Brady argument, if you will, but I'm not sure I understand your they hit her and kept her from us argument. Well, I mean, my assumption would be that a criminal defense attorney would not expect that an outside individual would be present during the identification process. So if there's an assumption to be made as a criminal defense attorney, a criminal defense attorney would assume if the only person's present at the identification would be the officer and Carlos Torres, the witness and victim. So I — and also, you know, on summary judgment, we draw all inferences in favor of the opposing party, and I think this is an inference that should be drawn in favor of the opposing party. But what you've got to show to get outside the California issue preclusion rule, if McCutcheon is still the law, which is a separate issue, is wrongful conduct by the state that excluded you from the opportunity to have a fair hearing. And the reason I'm having some trouble with that here is that you talk to Mr. Torres. The record seems to indicate that. I mean, I don't believe that she was there and that the judicial officer — did the judicial officer say she should leave the room because she's going to be a witness? Yes. Yes. So on the record, her presence was noted. So I'm finding the suppression of wrongful conduct stuff harder to find here. That's what — where's the wrongful conduct? Well, again, the assumption is that there's going to be some quick nexus made between the defense counsel who's preparing for a preliminary hearing. No, no. I'm not — it's not — the issue is wrongful conduct. That's the question. And McCutcheon may be a terrible rule. I understand your argument about that. But where's the wrongful conduct by the government? In excluding Monica Torres? Well, it didn't exclude her. They just didn't let her listen to the testimony. What did they do wrong here? What's the wrongful conduct? Well, the first piece of not — of Officer Bellows not telling the prosecutor that Monica Torres was present during the identification process, that's the wrongful conduct. He didn't tell the prosecutor that because he knew Monica Torres would reveal that the identification was tainted, cajoled, a completely improper identification process. That's the wrongful conduct. At that point, the prosecutor would have told — would have been required, under Brady, to tell the defense counsel that this was a potentially exculpatory witness. And just indulge me for one more question on this. Does the record — this is a summary judgment case, right? Yes. Does the record indicate when your side of the case contends it first learned of the I don't believe it does. Okay. I'll reserve the rest of my time. Thank you. We'll hear from the defense. Good morning, Your Honors. Amy Field on behalf of the city appellees. I'd like to shed some light on this whole Monica Torres issue. And it was something that I — became clearer to me as I was preparing for this argument. I think counsel's claim is premised on this idea that Detective Bellows — that Monica Torres was present at the first interview Detective Bellows conducted of Carlos Torres, where Carlos Torres identified the plaintiff, which is one of the shooters. And in looking at the record yesterday, I don't think that that's true at all. The pages that counsel cites to support this proposition that Bellows knew Monica Torres was present at the first interview when Carlos Torres identified which, don't support that at all. The pages he cites to in his opening brief are the pages of Monica Torres' trial testimony at the criminal trial and counsel's argument at the hearing on the motion for summary judgment. When you go back to the transcript of the preliminary hearing, it tells quite a different story. At the preliminary hearing, Carlos Torres testified that his friend — the other victim, Pineda, was the one who brought him to the station for the first interview, the interview where he identified which is one of the shooters. And that's at the excerpts of Record Volume 3, page 347. So that Pineda, not the sister, brought him to the station. Then Pineda, who also testifies at the preliminary hearing, confirms that. He says that he brought Carlos Torres to the station for the first interview, and he sat out in the car while Carlos Torres was interviewed. Makes no mention of the sister. Then we get to Detective Bellos' testimony at the preliminary hearing, and he's asked who brought Torres to the station for the second interview. The second interview is where Carlos Torres looks at the MySpace photo, the group photo of all the guys in circles, the other suspects, Scarface, in the group photo. And according to Bellos, that was the interview where Monica Torres, the sister, was present. So her identity wasn't hidden, and it doesn't look like she was even present at that first key interview. And her trial testimony? Her trial testimony is that she was present. For both, or just the first? Just for the first one. But not the second? I don't believe she talked about the second one at all. Can we go back to the original legal question in this case? Sure. Is McCutcheon still good law? Yes, it is, Your Honor. Why? At least one panel of the California Court of Appeal says we don't think it's good law, albeit in the case where it's not directly implicated. We have to predict what the California Supreme Court would hold. Right. Why is it a good rule? Well, I think it's still good law because it hasn't been overruled by a court of higher authority. Well, but we're not bound by the intermediate appellate court, right? I understand that. This is like a diversity case. We have to figure out what the California Supreme Court would say. The courts of appeal seem to have different views. So tell me why preclusive effect ought to be given. I think that you go back to what the elements of a collateral estoppel argument are, and those remain unchanged. And on the particular facts of this case, it falls squarely within the elements that have been the state of the law in the State of California for quite some time on what the elements are for a collateral estoppel bar. Why is this finding essential to the judgment, which is one of the one of the I call it issue preclusion because that's what I call it. The finding that Collateral estoppel. Why is the finding of probable cause essential to the judgment in this case, which was eventually a judgment of acquittal? I think the finding of probable cause was essential to the judgment on the holding order, that there was probable cause to hold Mr. Widge to answer, not to the ultimate judgment of conviction or acquittal. And I think the key question is, was it central to the finding of probable cause, and I think it was. And I think that's the test. What is the standard for conducting a preliminary hearing? What must a judge find in order to bind over for trial? Is that what it is? What must the finding must be? That there's a fair probability that the accused has in fact committed the crime charged. And that's done by weighing the evidence or whether it's done by considering whether a jury hearing the evidence might believe it? I think it's done by weighing the evidence. It was my impression that it was less than that, that it's a determination whether or not there's enough there to impose the cost and risk of a trial on defendant, and that that doesn't require a finding, an actual finding, that this is all sustainable evidence or truthful, but just that there's enough there that it meets the legal criteria that it could support a finding if it had been presented to a jury. Isn't that the standard? I think that's correct, but I think on the facts of this particular case. So if that's the standard, then, which I think you just said it is a standard, why isn't the determination by the judge to bind over for trial simply determining whether or not there's enough evidence to support the finding? I think it's a determination of legal sufficiency rather than a determination, yes, I think this man is telling the truth, as opposed to saying, you know, I don't know. I think a jury could find him to be telling the truth, could not find him to be telling the truth. It's not my job to figure it out. Why isn't that all that happens? I guess I would say there are two answers to that question. Give me the best answer. Two answers are always right. I'm going to merge them together and make it one. Okay. Give me one answer. I think on the facts of this particular case, there was. I don't want to talk about the facts of this particular case. I want to talk about the theoretical case. Okay. You know, my question was asked about the theoretical case, and I'd like you to answer to that question. We can then apply it to this case after I've heard what you have to say about the theoretical generic case. Because once there's a finding that there's probable cause to bind the defendant over for trial, that issue is never litigated again in the underlying criminal trial. It's final for both. Well, of course it's litigated. No, it's not. The jury then has to look at the witness and decide whether the witness was in fact telling the truth. So if a judge merely says, look, I think, I look at the witness and everything, you know, he said, if believed, would be enough to get a conviction or to meet the elements of the crime, I can't say he's telling the truth. I don't know that he's telling the truth. I'm not making that finding, but I certainly think a jury could look at him and believe him. That leaves open the possibility the judge could say, but if I were making the   I'm not making that finding, but I certainly think a jury could look at him and believe him. So why isn't that just not enough to be a determination of the factual issue? I think the answer lies in the very different burdens of proof at a preliminary hearing versus at a trial. And that's exactly the question that, you know, so forgive me for interrupting because I still don't That's exactly the question. That's exactly the question Judge Kucinich is asking, and I'm not sure I've gotten an answer to it. Is the burden of proof, the burden of proof at the 1983 hearing is that they have to demonstrate that it's more probable than not something occurred. Is that exactly the, is your burden of proof at the preliminary hearing, that it's more probable than not that a crime occurred and this defendant did it or only that there's a fair probability, as you say? If the burdens of proof are different, I'm not sure why the finding could be preclusive. I think the burdens of proof are the same, and I believe I've cited cases in my brief. I don't have them at the tips of my fingers, but I think they are. The burden of proof at the preliminary hearing is exactly the same as the burden of proof at the later 1983 action. What's different is I believe that So the magistrate is making determinations of credibility. He's not saying, well, if he's believed, it's enough to go there. He's actually finding that He's actually finding on this evidence there is probable cause to believe that the defendant has committed the crime. That's the exact same question that if this 1983 action were allowed to go forward would be posed to the jury or the court in the 1983 action. Excuse me. I'm sorry. Finish. I want to get back to the point that I thought that If you're switching to a different point, let me ask you a question on this one, which is that if the judge had found no probable cause here, had not bound a defendant over, would the State have been precluded from seeking future charges based on the same evidence? If the judge had found Judge had said, I've heard everything. I refuse to bind a defendant over. I do not find probable cause. Would you thereafter be precluded from prosecuting the defendant on the same evidence? On the same evidence? Same evidence. So you say, pretty stupid magic. We drew the dumb magistrate this week. He always frees people. We're going to go back next week when we have the smart guy. Could you do that? I'm not certain what the answer to that is, but I believe that you have to have some new evidence to bring for the criminal charges. Now we have the old evidence plus some new evidence. We're going to try again with a little bit more evidence. Could you get that redetermined? Or could the government try it? I think so, yes. Then why is that preclusive? It's not preclusive. If in fact there's a finding that the guy is lying, then of course they should not be usable again in a second preliminary hearing, right? If that's how California treats it. If that's a determination that the guy is not telling the truth, then they should not be able to use it. But I heard you give two different answers to my questions, all diametrically opposed. One of them was that they are the same standard, and one of them is they're not the same standard. Okay. And I keep trying to get back to that question, Your Honor, honestly. What I was trying to say is I think it is the same standard for the preliminary hearing and the 1983 action. In between there, and I believe that you asked me about the criminal trial. And if the judge at the preliminary hearing had found that Carlos Torres, the victim, was lying and the cop was telling the truth, would the jury be deciding that again at the criminal trial? And my answer was no, because the jury at the criminal trial obviously has the different standard of proof, of proof beyond a reasonable doubt, which to me explains why there could be a finding of probable cause, findings that the police officer was telling the truth, the victim was lying, and yet such a quick acquittal from Mr. Whitch. I just didn't make that much of an argument. All right. I do understand that point. But now let me deal with your point that it's the same standard for the preliminary hearing as the 1983. So I thought I heard you say, and correct me if I misheard, but what I thought I heard you say is that the magistrate or the judicial officer at the preliminary hearing does not necessarily assess the credibility of the witness. Just looks at the evidence and says, look, I think a jury could find this credible and convict him. And if that's the case, is that the same standard for 1983? I think that the judge at the preliminary hearing does assess the credibility of the witnesses for purposes of meeting the standard of probable cause. And I think the judge in fact ---- I think I heard you say the opposite. And if you didn't mean to say the opposite, you can correct yourself. I didn't mean to say the opposite. If I said the opposite, I didn't mean to. Let me ask you the opposite and just see if it works. I'm feeling very spun around here. No, no. You're responding well to questions. It may be that the questions aren't focused. But let's assume that at the preliminary hearing the magistrate says, boy, you know, if the officer is telling the truth, there's probable cause. If Torres is telling the truth, there isn't. I'm just ---- I'll send this one to trial. And there is an appeal right as you've laid. Would that be error? Would the reviewing judge say, no, no, you've got to go back and determine which one was telling the truth? Or would the judge say, yeah, you're right, if one of them has believed there's enough to go to trial here and that's what our system is about? Well, and again, I don't ---- I'm not trying to avoid the question, but I think the answer lies in there's enough to go to trial, and then at trial the jury is going to make these factual determinations again, but with a ---- Well, yeah, this is a more awkward way of asking the question Judge Kaczynski asked you, which is that did the magistrate judge necessarily find that the officer was telling the truth? Or did ---- was it a ---- was his job just to say there's certainly enough evidence to prosecute here if the officer is telling the truth. There seems to be a factual dispute about that. That's good enough to establish probable cause. Or did he have to find more?    I think he could have found more if he was telling the truth. I think he couldn't just ---- maybe he was, maybe he wasn't ---- Assume you're wrong about that. He wasn't. There's no probable cause. Assume you're wrong about that. Assume. Okay. That's not right. Okay. I don't know. It is ---- we can look at California law and figure that out. Assume that the ---- on the California law, the judicial officer at the preliminary hearing, all he has to determine is is there enough evidence there where a reasonable jury could convict. Let's say that's the standard. Would that be enough to be preclusive for 1983 purpose? With respect to the legality of the arrest, not the legality of the charge. Right. Why isn't your answer just as straightforward that the exact same element that they need to prove to succeed on their malicious prosecution claim or their false arrest claim, it's the same probable cause standard? I'm not ---- I'm having a hard time understanding why you're not giving a direct answer to that question. It's the same standard. I'm sorry. I believe that I had, have, and I don't know why. If ---- I think it is. I think I've said that twice, that the standard on probable cause at the preliminary hearing is going to be the same as the standard at the 1983 action. I think the only thing that's different is at the criminal trial with the higher burden of proof. That's what I've said. Why don't they get to come in and say, look, the officer was, in fact, lying. And, you know, there's been no determination that the officer isn't lying. There's just been enough determination that if the officer is telling the truth, there's enough to go forward. But now we're in 1983 land, and the question is, we can't let officers be lying to get people, force people into trials. And so we get to determine, since there's been no determination the officer is telling the truth, we're not bound by any determination that the officer is telling the truth, you can't make a probable cause by perjury. We're claiming perjury. Why is not the answer to, why is not the correct answer? Well, I think we come full circle then back to because they already put that very issue before a judicial officer at the prelim. Well, if you assume that all the judicial officer there did was to determine if believed there's enough to go to trial and there's no determination of the truthfulness of the matter, why isn't that still open? Well, I think you would have to make that assumption, and I'm not sure if that's correct. No, no, I understand. I understand. You're just, you may, that may be a wrong assumption. But is it your answer that if that is a correct assumption, then there's no preclusive effect and that's it? You go to trial? I guess I, my answer would be that if we go to trial, the question that's going to be decided by the jury is different than what was decided at the prelim and what would be decided at the 1983 trial, which is a question of probable cause, not a question of guilt. I mean, at the criminal trial, obviously you agree that it would be a violation of federal law for a state officer to manufacture incriminatory evidence or to perjure himself or to suborn perjury by others by forcing them or coercing them to speak. All of those things would be a violation of federal law. Of course. And they're entitled to make that claim in a 1983 case unless there's a prior determination which precludes them, right? That's correct. They may lose the trial. Probably they'll lose the trial. You know, I assume that this, in fact, didn't happen, but at least get a jury. So you've got to have something that blocks them from making that case. And that's the finding of the preliminary hearing. Correct. But if the preliminary hearing, if my assumption, you know, my thing I ask you to assume is correct, that the judicial officer there doesn't make a finding as to the truthfulness, then that's not a block, is it? I'm not sure what the answer is, Your Honor. Okay. Because I don't know what the answer is under California law. Should we send this to the Supremes, California Supremes? I know that State supreme courts love nothing better than to answer our questions. Thank you. Thank you. I believe you had a little time left, but I don't remember. You had like 10 seconds. We'll make it 4 minutes. What do you say? You know, we're big around here. Thank you, Your Honor. Counsel stated that Officer Bellows testified that Monica Torres was not present at the November 29th identification interview. However, at page 172 of the excerpts of record, Officer Torres clearly states that Monica Torres was present during the November 29th identification interview. So not only does he say she was present, we also have a conflict with his testimony. Counsel, let me just go back, though, to a concession you made when you came up here for the first time. You said that the magistrate at the preliminary hearing could not have found probable cause unless he believed the officer. Do you now retract that in light of the argument you've heard? Well, I do, and I do conditionally. I believe that Judge Kaczynski is correct that the magistrate at the probable cause hearing is really just looking about, looking at whether there's enough evidence to go forward. However, none of the collateral estoppel cases that I reviewed discuss this issue. I get this, by the way, from watching many episodes of Perry Mason. Well, I — This is my only experience with California preliminary hearings. I think you're correct, though. I say it only conditionally because none of the collateral estoppel cases hit on this  Perhaps it's an issue that Perry Mason — Well, the cases do say that, and rather clearly, that a finding of probable cause at a preliminary hearing, probable cause to charge, is issue preclusive in a later 1983 action in the absence of some extraneous factor, right? There are cases that say that. What I'm saying is — Well, is there any case that says the contrary? I mean, I thought the cases were unanimous on the notion that a judicial determination of probable cause precluded a later 1983 case which said there wasn't probable cause to charge me, a malicious prosecution case, for example. Well, Shvidlin says that a preliminary hearing should not be used to make that determination and it should be not given preclusive. The determination of the preliminary hearing should be not given preclusive effect. What I'm saying is I don't recall any of the collateral estoppel cases discussing the issue of sufficiency of the evidence to go forward. So at the risk of asking the same confusing question I asked your opponent, what is the burden of proof of the State at a preliminary hearing? What must it establish? In California. Well — Must it establish simply that there are facts from which a jury could find the defendant's guilt, or must it establish that those facts are more probably than not true? That's the issue that this Court has brought up and I think it needs to be researched. Do you have an answer? My recollection of preliminary hearing law is that you only need establishment of facts to go forward with the prosecution. And whether that's going to be the same standard as probable cause for arrest, you know, probable cause — Well, in this case they happen to match up because the only argument about probable cause was that you made up the evidence. Right. So — but is the burden — what's the burden at the preliminary hearing? What's your view? Well, my view is that it's — that there's enough evidence to go forward with the prosecution. And whether that standard — And that the judicial officer — is it the magistrate? Do they call magistrates in California? I thought they would call something else. But the — Judges. Right. The judicial officer there — sometimes they have commissioners doing these things, don't they? Yes. Yes. That they only determine — they don't weigh the evidence. They only determine is there enough there to support a jury verdict if presented to a jury. That's what I thought they did, but — Right. I — In the collateral and estoppel cases that are before this Court in the papers, the assumption is — Have you practiced criminal law in California? Probably 20 years ago. Twenty years ago, yeah. No, I — it's its own world. It is. Okay. Thank you. Thank you. Okay. Case just argued. We'll stand for a minute.
judges: Kozinski, Watford, Hurwitz